IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| MICHAEL NEASON MOSES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:06cr46 |
| | ) | 1:16cv728 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on *pro se* Petitioner Michael Neason Moses' ("Petitioner" or "Moses") Section 2255 Motion to Vacate or Set Aside Criminal Judgment and Motion to Appoint Counsel. [Dkt. 48, 53.] For the reasons set forth below, the Court will deny Petitioner's motions.

**I.   Background**

On February 15, 2006, Moses pleaded guilty to a two-count criminal information charging him with conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 ("Count I") and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) ("Count II"). (*See* Plea Agreement [Dkt. 24.].) On May 15, 2006, this Court sentenced Moses to 352

1

months imprisonment, followed by a ten-year term of supervised release. [Dkt. 30.] Moses did not appeal.

Moses' conviction arose from the following circumstances.[1] The Fairfax County Police Department ("FCPD") pulled over one of Moses' co-defendants, Raymond Jackson ("Jackson"), because his right tail light was out. (PSR ¶ 7.) While Jackson was searching for his license and registration, the police officer noticed a marijuana cigarette on the seat next to Jackson. (*Id.*) Jackson was arrested, and a search subsequent to his arrest revealed additional drugs and a firearm in the vehicle. (*Id.* ¶ 8.) Once Jackson arrived at the police station for questioning, he informed police that he was a cocaine distributor and that he worked for "Scorpio." (*Id.* ¶ 9.) The FCPD later determined that "Scorpio" was Moses. (*Id.* ¶ 10.)

On April 15, 2005, Jackson called Moses to set up a time to meet in order to obtain more narcotics for distribution. (PSR ¶ 11.) The two agreed to meet in the Tysons Corner area. (*Id.*) When Moses arrived at the agreed upon location, police arrested him and searched his vehicle. (*Id.*) The search uncovered four small baggies of cocaine base, commonly referred to as crack cocaine; a gun; and several rounds of ammunition.

---

[1] Unless otherwise noted, these facts are derived from the Presentence Investigation Report's uncontested statement of facts. (*See* PSR [Dkt. 37]; *see also* Addendum to PSR [Dkt. 37] at 25 (noting Moses' lack of objection to the PSR).)

2

(*Id.*)  Due to the nature of the investigation, Moses could not be held responsible for a precise drug amount.  (PSR ¶ 23.)  Instead, pursuant to his Plea Agreement, he was held accountable for at least 1.5 kilograms of crack cocaine.  (*Id.*)

Moses' drug trafficking offense earned him a base offense level of 38 under the 2006 U.S. Sentencing Commission Guidelines ("Sentencing Guidelines"),[2] and subjected him to a statutory mandatory minimum of 20 years imprisonment with a maximum of life.[3]  (PSR at 1, 26.)  Due to Petitioner's cooperation and guilty plea, however, his offense level was reduced from 38 to 35.  (*Id.* ¶¶ 4, 87.)  Moses' firearms offense also subjected him to a statutory mandatory minimum of 5 years imprisonment with a maximum of life,[4] to be served consecutively.[5]  (*Id.* at 1; *id.* ¶ 89.)  Finally, he qualified as a career offender pursuant to § 4B1.1(c)(2) of the Sentencing Guidelines and received a sentence enhancement.  (*Id.* ¶ 67.)

On November 18, 2011, Moses filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offenses.  [Dkt. 35.]  On July 11, 2012, this Court issued an Amended Order, reducing Petitioner's sentence on Count I from 292 months to 240 months.  [Dkt. 47.]  Moses' sentence on

---

[2] *See* U.S.S.G. § 2D1.1(c)(7) (2006).
[3] *See* 21 U.S.C. §§ 841(a)(1), 846.
[4] *See* 21 U.S.C. § 924(c).
[5] *See* U.S.S.G. § 5G1.2(e) (2006).

3

Count II remained the same: 60 months.  [*Id.*]  His new combined sentence was 300 months.  [*Id.*]

On June 22, 2016, Moses petitioned to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in light of the United States Supreme Court's recent holding that the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.  *See Johnson v. United States*, 135 S. Ct. 2551 (2015); *see also Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson* applies retroactively on collateral review).  On July 21, 2016, Moses filed a Motion to Appoint Counsel for his § 2255 petition.  On August 24, 2016, the Government filed its opposition to Moses' motions.  Moses responded on September 8, 2016.  This § 2255 petition and Motion to Appoint Counsel are now ripe for disposition.

## II.  Analysis

**A.      Moses' § 2255 Petition**

*i)   Standard of Review*

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is

4

otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426-27 (1962). To prevail on a § 2255 Motion, the petitioner bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

However, under the Antiterrorism and Effective Death Penalty of 1996 ("AEDPA"), a federal district court must dismiss any § 2255 motion that is filed more than one year after the date on which: (1) the judgment of conviction becomes final; (2) the impediment to making a motion, created by unlawful governmental action, is removed and the petitioner was prevented from making a motion by such action; (3) the United States Supreme Court initially recognized the constitutional right asserted, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims presented could have been discovered with due diligence. 28 U.S.C. § 2255(f). A petitioner must demonstrate that the petition was timely filed under § 2255 or that his untimely petition may be salvaged by equitable tolling principles. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (confirming that equitable tolling applied to AEDPA's statute of limitations); *United States v. Terrell*, 405 F. App'x 731, 732 (4th Cir. 2010) (applying the holding in *Holland* to § 2255 motions).

*ii) Timeliness*

In its opposition, the Government argues Petitioner's § 2255 petition should be dismissed as untimely. Initially, the Government argues that Petitioner's motion was filed more than one year from the date on which the judgment of conviction became final. [Dkt. 56.] The Court entered judgment in this case on May 15, 2006. [Dkt. 30.] Petitioner did not appeal his conviction, so his conviction became final for purposes of § 2255(f)(1) on May 25, 2006. Petitioner did request a 45-day extension to file a § 2255 petition from the Court, which was granted. [Dkt. 34.] As a result, Petitioner had until July 5, 2007, to file a § 2255 petition. However, Petitioner did not file the instant petition until June 22, 2016. [Dkt. 48.] Accordingly, the current petition would be considered untimely under § 2255(f)(1), as it was filed nearly nine years after Petitioner's conviction became final.

Alternatively, the Government argues that Petitioner's motion should not be considered timely under § 2255(f)(3), as the new right recognized by *Johnson* and made retroactive by *Welch* does not apply to Petitioner's case.[6] The United States Supreme Court issued its decision in *Johnson*,

---

[6] This Court has recently reached the merits of claims similar to Moses' claim here, finding that *Johnson* did not announce that the Residual Clause of § 924(c) was unconstitutionally vague. Consequently, various petitioners' claims have been dismissed as untimely because § 2255(f)(3) did not apply. *See, e.g., United States v. Taylor*, 2016 WL 4718948, at *9 (E.D. Va. Sept. 8, 2016).

6

striking the Residual Clause of the ACCA as unconstitutionally vague, on June 26, 2015.  135 S. Ct. at 2563.  Less than a year later in *Welch*, the Supreme Court made clear that the ruling in *Johnson* applies retroactively.  136 S. Ct. at 1268. Consequently, Petitioner had one year from the date of *Johnson* to file a § 2255 petition: June 26, 2016.  Petitioner filed the instant petition on June 22, 2016, four days before the deadline.  [Dkt. 48.]  Assuming that the newly recognized right in *Johnson* applies to Petitioner's case, his § 2255 petition would be considered timely under § 2255(f)(3).  The Court will now turn to the merits of Petitioner's § 2255 *Johnson* claim.

    *iii) Merits of Moses' Johnson Claim*

  Moses argues in his § 2255 petition that *Johnson* should apply to convictions and sentences rendered under § 924(c), as the language that defines a "crime of violence" in § 924(c)(3)(B) is similar to the language the Supreme Court invalidated in the ACCA's Residual Clause.  (Response to Government's Opposition [Dkt. 57] at 1.)  Once *Johnson* is applied to § 924(c), Moses appears to argue that the enhanced sentence he received from this Court would be contrary to the Constitution or laws of the United States.  (*Id.* at 2.)

  The Court has no reason to reach the merits of Petitioner's statutory construction argument today.  Moses was convicted and sentenced under § 924(c) based upon an underlying

drug trafficking crime, and not a crime of violence. Thus, § 924(c)(3)(B)'s definition of "crime of violence" does not apply to this case. Moreover, Petitioner qualified for a sentence enhancement as a career offender under the 2006 Sentencing Guidelines[7] due to his prior felony offenses. (PSR ¶ 67.) Most of these offenses were drug-related, with only one felony conviction for assault. (PSR ¶¶ 31-41.) Even if Petitioner's prior conviction for assault were excluded from the analysis, however, he would still qualify as a career offender under the Sentencing Guidelines because of his prior drug convictions. *See* § 4B1.1(a) (2006).

Given that Petitioner's § 924(c) conviction was based upon a drug trafficking crime, as well as that his sentence could have been enhanced based solely on his drug convictions alone, the Supreme Court's decisions in *Johnson and Welch* provide Petitioner with no basis for relief. *See United States v. Richardson*, No. 15-7871, 2016 WL 3524692, at *1 n.* (4th Cir. June 28, 2016) ("Because the conviction underlying Richardson's 18 U.S.C. § 924(c) . . . conviction was a drug offense rather than a crime of violence, and his sentence enhancements were also based on prior felony drug distribution convictions, *Johnson* is inapposite, and he is entitled to no relief.").

---

[7] *See* U.S.S.G. § 4B1.1(c)(2) (2006).

Because the new rule announced in *Johnson* does not apply to Petitioner's case, § 2255(f)(3) does not apply either. Thus, the Court will deny Petitioner's § 2255 motion as untimely. The Court will now turn to Petitioner's Motion for the Appointment of Counsel.

**B.         Right to Counsel**

*i)   Standard of Review*

There is no Sixth Amendment right to counsel to pursue a writ of habeas corpus. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Hunt v. Nuth,* 57 F.3d 1327, 1340 (4th Cir. 1995) ("[T]he Constitution does not require counsel for defendants who attack their judgments under 28 U.S.C. § 2255."). Although there is generally no right to appointed counsel in habeas proceedings, it is within the Court's discretion to appoint counsel if it "determines that the interests of justice so require." 18 U.S.C. § 3006(a)(2)(B). However, counsel should only be appointed under "exceptional circumstances." *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984). In the Fourth Circuit, there is "'[n]o comprehensive definition of exceptional circumstances. . . . The existence of such circumstances will turn on the quality of two basic factors—the type and complexity of the case, and of the abilities of the individuals bringing it.'" *Id.* (quoting *Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982)).

*ii)  Merits of Moses' Request for Counsel*

Turning to the first factor—the type and complexity of the case—the Court must determine "whether it is apparent . . . that a *pro se* litigant has a colorable claim." *Whisenant*, 739 F.2d at 163 (quoting *Gordon v. Leeke,* 574 F.2d 1147, 1153 (4th Cir. 1978)).  Here, Petitioner argues that his § 2255 petition, based upon *Johnson*, is too complex for him to be able to present to the Court *pro se*.  (Motion for Appointment of Counsel [Dkt. 53] ¶¶ 1, 3.)  Petitioner's Response to the Government's Opposition appears to argue that he requires legal counsel in order to bring a § 2255 petition that will assert how *Johnson* applies to § 924(c)'s Residual Clause, rendering it unconstitutionally vague and thereby rendering his sentence unconstitutional.  (Reply to Government's Response [Dkt. 57] at 1.)

Petitioner is correct that such a claim would be complex and may require the assistance of legal counsel. However, as noted above, Petitioner does not have a colorable claim based upon *Johnson*.  His conviction for violating 18 U.S.C. § 924(c) was not based upon a crime of violence, as would be necessary to argue for relief under the statute's similarly worded Residual Clause following *Johnson*, but upon his

10

possession of a firearm in furtherance of a drug trafficking crime.[8]  Thus, *Johnson* cannot afford him any relief.

Given the Court's finding that this Petitioner has no colorable claim under *Johnson*, the Court declines to address the second factor involved in the decision whether to appoint counsel for a *pro se* § 2255 petition: the capacity of the litigant to present his claim.  *Whisenant*, 739 F.2d at 163 (quoting *Gordon v. Leeke,* 574 F.2d 1147, 1153 (4th Cir. 1978)).

Accordingly, this Court will deny Petitioner's Motion for Appointment of Counsel.

### III.  Conclusion

For the foregoing reasons, the Court will deny Petitioner Michael Neason Moses' petition to vacate, set aside, or correct his sentence.  The Court will also deny Petitioner Moses' motion for appointment of counsel.

An appropriate order shall issue.

|  |  |
|---|---|
|  | /s/ |
| October 6, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |

---

[8] *Compare* § 924(c)(2) *with* § 924(c)(3).